**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**EARL WILLIAMS,**

        **Plaintiff,**

                        **CASE NO.:**

**vs.**

**D & K SUIT CITY, LLC, A**
**GEORGIA LIMITED LIABILITY**
**COMPANY, AND DAVID**
**ANTON, INDIVIDUALLY,**

        **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, EARL WILLIAMS, by and through the undersigned attorney, sues the Defendants, D & K SUIT CITY, LLC, a Georgia Limited Liability Company, and DAVID ANTON, Individually, and alleges:

1.    Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, unpaid minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2.    Plaintiff worked as a sales rep at Defendants' suit store in Decatur, Georgia.

1

3.    Plaintiff worked for Defendants from approximately September 2013 to May 2014.

4.    Defendant, D & K SUIT CITY, LLC, is a Georgia Limited Liability Company that operates and conducts business in Decatur, Georgia and is therefore within the jurisdiction of this Court.

5.    At all times relevant to this action, DAVID ANTON was an individual resident of the State of Georgia, who owned and operated D & K SUIT CITY, LLC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of D & K SUIT CITY, LLC.  By virtue of having regularly exercised that authority on behalf of D & K SUIT CITY, LLC, DAVID ANTON is an employer as defined by 29 U.S.C. § 201, et seq.

6.    This action is brought under the FLSA to recover from Defendants overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

7.    This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8.    During Plaintiff's employment with Defendants, D & K SUIT CITY, LLC, earned more than $500,000.00 per year in gross sales.

9.     During Plaintiff's employment with Defendants, D & K SUIT CITY, LLC, employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10.    Included in such goods, materials and supplies were suits, other clothing items, office supplies and equipment, and other goods and materials which originated from outside the state of Georgia.

11.    As a result, Defendant, D & K SUIT CITY, LLC, is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

12.    When Plaintiff was initially hired by Defendants, he was paid by the hour plus was paid some overtime compensation for overtime hours worked.

13.    At times, Defendants would only pay Plaintiff "straight time" for overtime hours worked.

14.    After Plaintiff had worked for Defendants for a couple months, Defendants told Plaintiff they were paying him too much overtime and would thereafter only pay him a weekly salary with no additional overtime compensation paid.

15.    After this involuntary reclassification, Plaintiff routinely worked overtime hours for Defendants.

16.    Plaintiff's job duties were those of a non-exempt employee, as Plaintiff did not supervise employees, Plaintiff did not hire/fire employees, Plaintiff was not an administrative employee, nor did Plaintiff make significant decisions on behalf of the company.

17.    As such, Plaintiff should have been paid for his overtime hours worked when he was only paid a salary.

18.    Additionally, in some weeks Plaintiff worked so many hours that the wages he was paid did not meet the minimum wage.

19.    Defendants did not have a good faith basis for their decision to fail to pay all overtime compensation owed to Plaintiff.

20.    Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

21.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20 above.

22.    Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

23.    During his employment with Defendants, Plaintiff was periodically only paid straight time for overtime hours worked, and then was misclassified

as exempt and not paid any overtime compensation for the overtime hours he worked for Defendants.

24.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff complete overtime compensation; Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

25.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

26.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, EARL WILLIAMS, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## <u>COUNT II - RECOVERY OF MINIMUM WAGES</u>

27.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20 above.

28.     Plaintiff was entitled to be paid the minimum wage for each hour worked during his employment with Defendants.

29.     While working for Defendants, in some weeks Plaintiff worked 70 or more hours, and did not receive enough wages so that his regular rate of pay met the applicable minimum wage.

30.     Plaintiff has demanded proper compensation for these unpaid wages, but Defendants have refused to response to Plaintiff's demand letter.

31.     As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendants.

32.     Defendants did not have a good faith basis for their practice of failing to pay Plaintiff at least the minimum wage for every hour worked.

33.     Defendants willfully failed to pay Plaintiff the minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

34.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, EARL WILLIAMS, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 4th day of September, 2014.


**/s/ C. RYAN MORGAN**
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor

P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile:  (407) 245-3401
Email:RMorgan@forthepeople.com
Attorneys for Plaintiff